716 P.2d 1055

**The STATE of Arizona, Appellee,**

**v.**

**Celestino Robles YBARRA, Appellant.**

**No. 2 CA–CR 3958–7.**

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 27, 1986.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Manuel H. Garcia, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant and a co-defendant were charged by indictment with the crimes of theft by control of property having a value over $1,000, second-degree burglary, and theft by controlling stolen property, all class 3 felonies. The state filed allegations that the offenses were committed while appellant was on parole from a prior conviction and that appellant had eight prior felony convictions. Pursuant to a plea agreement, appellant pled guilty to attempted theft by controlling stolen property, a class 4 felony, and admitted one prior conviction. The state dismissed the indictment and all other allegations. The state also agreed that appellant be sentenced to a mitigated term of 4 years' imprisonment.

Counsel for appellant has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant has not filed a supplemental brief. Neither counsel for appellant nor the state has raised any arguable issue.

■ Appellant represented himself throughout the proceedings leading up to and including the change of plea and the court's acceptance of his plea. The record shows that appellant knowingly and voluntarily waived his rights to counsel and the constitutional rights afforded him. Appellant also agreed that he had read the plea agreement. He stated that he understood the contents, and the plea agreement itself contained a list of all the rights he was waiving to enter his guilty plea. The plea agreement may be examined to determine whether appellant understood the rights he was waiving. See *State v. Schoonover*, 128 Ariz. 411, 626 P.2d 141 (App.1981). It is clear that appellant was correctly advised of the rights he was waiving and that he entered an intelligent, knowing and voluntary waiver of those rights. In fact, at the hearing on the change of plea, the following exchange took place:

"THE COURT: That's a great plea for you, Mr. Ybarra.

MR. YBARRA: Yes sir."

■ At the time of sentencing, appellant attempted to withdraw from the plea agreement. He argued that the trial court failed to establish a factual basis for the plea. We find no error. A factual basis does not require proof beyond a reasonable doubt, but merely strong evidence of guilt. *State v. McGuire*, 131 Ariz. 93, 638 P.2d 1339 (1981). The factual basis for the plea may be established by the extended record, including the presentence report and the preliminary hearing transcripts. *State v. Diaz*, 121 Ariz. 16, 588 P.2d 309 (1978); *State v. Brooks*, 120 Ariz. 458, 586 P.2d 1270 (1978); *State v. Limpus*, 128 Ariz. 371, 625 P.2d 960 (App.1981). In fact, at the change of plea hearing, the court informed appellant that it would consider all evidence presented at the pretrial hearing in determining a factual basis, and defendant stated that he understood and agreed to that procedure. Our review of the grand jury transcript, along with the presentence report and other preliminary hearing transcripts, reveals an ample factual basis to comply with Rule 17.3, Rules of Criminal Procedure, 17 A.R.S.

Our review of the record shows that appellant knowingly, intelligently and voluntarily entered a guilty plea. The record reflects a factual basis for the plea, and appellant was sentenced in accordance with the plea agreement.

■ At the time of the sentencing, the trial court said:

"The Court's going to go ahead and accept the plea.

Mitigating factors, although there aren't really any, the only mitigating factor is the plea agreement and the sentence agreed to, stipulated to by the parties.

It is the judgment and the sentence of the Court that the defendant be imprisoned for the mitigated term of four years."

**120**

This does not comport with the dictates of A.R.S. § 13–702(C), which requires a judge in imposing anything other than the presumptive sentence to state the specific reasons for doing so. The judge's role in sentencing is never ministerial. *State v. Holstun,* 139 Ariz. 196, 677 P.2d 1304 (App. 1983). It is the clear intent of the statute that before the judge can mitigate a sentence he or she must be conscious of the reasons for doing so and must articulate them. This is true even where the sentence is stipulated to in the plea agreement. *State v. Dowd,* 139 Ariz. 542, 679 P.2d 565 (App.1984).

The community has a right to know why a convicted person is receiving a sentence less than that prescribed by the legislature for others persons who have committed the same crime. In this case, A.R.S. § 13–604(A), required a presumptive term of six years in prison. In derogation of the statute, and without a finding of mitigating factors, the trial judge ignored the statutory requirements and the policy behind those requirements.

Since the state has not cross-appealed, for reasons of judicial economy, we will not remand this matter for resentencing. Should future experience show that remand is necessary to vindicate the statute, we will not hesitate to do so.

One further observation is in order. Here, state's counsel apparently believed the mitigated sentence was indicated but stood by in silence while the judge entered a sentence in contravention of the clear terms of the statute. It would have been better practice had counsel reminded the judge of the need to articulate reasons and acquainted the judge with the mitigating circumstances that justified the lesser sentence. See *State v. Mendiola,* 23 Ariz.App. 251, 532 P.2d 193, *aff'd,* 112 Ariz. 165, 540 P.2d 131 (1975).

We are cognizant of the ruling of division one in *State v. Holstun,* supra, that the failure to state aggravating or mitigating circumstances on the record constitutes fundamental error. We agree, however, with the dissent in that case and find that such technical error can be harmless under certain conditions. Under the circumstances of this case, the error was harmless beyond a reasonable doubt. The change of plea proceedings were quite thorough and the record, including the presentence report, contained factors which could have been found to constitute mitigating circumstances. The plea agreement was agreed to by the state, and no objection was made to the trial court's failure to articulate mitigating factors. A remand for resentencing would be a waste of time and effort, as the transcript in this matter fully supports a mitigated sentence under the factors listed in A.R.S. § 13–702. We therefore hold that, based upon this record, the technical error is harmless beyond a reasonable doubt.

HOWARD, P.J., and FERNANDEZ, J., concur.