982 P.2d 270

**STATE of Arizona, Appellee,**

v.

**Charles Vincent WAGNER,
Jr., Appellant.**

**No. CR–98–0481–PR.**

Supreme Court of Arizona,
En Banc.

May 26, 1999.

Janet A. Napolitano, The Attorney General
By: Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Diane M. Ramsey, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender By: James R. Rummage, Depu-

ty Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

McGREGOR, Justice.

¶ 1 Appellant Charles Vincent Wagner, Jr. petitions this court to review the court of appeals' opinion affirming his convictions and sentences for first degree murder and attempted armed robbery. We have jurisdiction pursuant to Arizona Constitution article 6, section 5(3) and Arizona Revised Statutes (A.R.S.) § 12–120.24. For the following reasons, we affirm the judgment of the trial court and vacate in part the opinion of the court of appeals.

### I.

¶ 2 In June 1994, appellant and three other teenagers went to a Smitty's grocery store in Gilbert with the intent to steal a purse or an automobile. Appellant, armed with a .380 semi-automatic pistol, noticed the victim unloading groceries into her car. As the victim pushed her shopping cart to the cart return area, appellant signaled to his cohorts that he was going to rob her. Appellant then approached the victim's car as she sat inside, pulled the driver's door open, and struck her. When the victim screamed, appellant shot her several times. The victim exited her car, called for help, then collapsed and died in the parking lot.

¶ 3 Appellant was later apprehended and charged as a juvenile. The juvenile court transferred appellant for trial in adult court on charges of first degree murder and attempted armed robbery. Appellant's first trial ended in a mistrial after the jury deadlocked. At appellant's second trial, the jury convicted appellant on both counts. The state sought the death penalty on the first degree murder charge, and the trial court held a sentencing hearing during which the court made findings regarding aggravating and mitigating factors. After weighing those

factors, the trial court declined to impose the death penalty, and instead sentenced appellant to life imprisonment without the possibility of parole on the first degree murder charge, and to a consecutive seven and one-half year term on the attempted armed robbery charge.

### II.

¶ 4 Appellant appealed his convictions and sentences to the court of appeals. Appellant argued that A.R.S. § 13–703.A[1] violated his constitutional rights to due process and equal protection. The law is void for vagueness, appellant asserted, because it does not provide sentencing guidelines for a judge to use in deciding whether to impose a life or a natural life sentence and therefore permits arbitrary enforcement of the law. The lack of guidelines, he argued, denies equal protection because it can result in disparate treatment of similarly situated defendants. Appellant also contended that the Eighth Amendment[2] requirement that courts employ sentencing guidelines in capital cases should apply to life sentences as well. Finally, appellant maintained that the trial court improperly admitted autopsy photographs of the victim.

¶ 5 In resolving appellant's constitutional challenges, the court of appeals, citing *United States v. Wivell*, 893 F.2d 156 (8th Cir. 1990), first held that A.R.S. § 13–703.A is not subject to attack on vagueness grounds because the law directs the sentencing function of a judge, rather than the conduct of the citizens of Arizona.

¶ 6 The court of appeals then considered whether appellant had a due process right to sentencing guidelines. In deciding this issue, the court applied the three part balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In *Mathews*, the Supreme Court decided whether administrative procedures for terminating a recipient's social security disability

---

**1.** A.R.S. section 13–703.A states that a person convicted of first degree murder "shall suffer death or imprisonment ... for life, without possibility of release on any basis until the completion of the service of twenty-five calendar years if the victim was fifteen or more years of age and thirty-five years if the victim was under fifteen years of age...."

**2.** See U.S. Const. amend VIII.

benefits satisfied due process. *See* 424 U.S. at 323, 96 S.Ct. at 897. To determine whether "administrative procedures provided [in a given case] are constitutionally sufficient," courts should analyze three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews,* 424 U.S. at 334–35, 96 S.Ct. at 902–03.

¶ 7 The court of appeals, relying on *Britton v. Rogers,* 631 F.2d 572 (8th Cir. 1980), applied the *Mathews* test to determine whether A.R.S. § 13–703.A violated appellant's right to due process. The court acknowledged that the Supreme Court developed the *Mathews* test to analyze the requirements of due process in a noncriminal, administrative law context, but agreed with the *Britton* court that the *Mathews* test could be a useful tool in the criminal sentencing context as well. Applying the three *Mathews* factors, the court of appeals concluded that due process does not require that sentencing guidelines be included in A.R.S. § 13–703.A. The court also held that because no evidence shows that sentencing guidelines benefit the class of felony offenders subject to non-capital sentencing, appellant's claim that the lack of sentencing guidelines in A.R.S. § 13–703.A creates a substantial disparate impact lacked merit.

¶ 8 The court of appeals summarily rejected appellant's claim that the Eighth Amendment requirement that courts provide sentencing guidelines for capital cases also applies to life sentences, on the ground that the Supreme Court had already rejected

such a challenge. *See Harmelin v. Michigan,* 501 U.S. 957, 995, 111 S.Ct. 2680, 2701, 115 L.Ed.2d 836 (1991).

¶ 9 Finally, the court of appeals held that the trial court did not err in admitting autopsy photographs of the victim because their marginally prejudicial effect did not outweigh their probative value. *See State v. Murray,* 184 Ariz. 9, 28, 906 P.2d 542, 561 (1995).

### III.

¶ 10 We granted review to determine whether A.R.S. § 13–703.A, the statute under which the trial court imposed appellant's natural life sentence, violates a defendant's due process and equal protection rights under the federal constitution.[3] We agree with the trial court and the court of appeals that Arizona's sentencing scheme does not violate appellant's rights to due process and equal protection of the law. We vacate in part the opinion of the court of appeals because the court of appeals incorrectly held that the sentencing function of a judge is not subject to analysis under the vagueness doctrine, and improperly applied the balancing test set forth in *Mathews* to criminal sentencing.[4]

### A.

¶ 11 A statute is void for vagueness if it fails to give "the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972). A criminal sentencing scheme can be challenged on vagueness grounds, and the scheme is void for vagueness if it fails to state "with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). *See also United States v. Johnson,* 130 F.3d 1352, 1354 (9th Cir. 1997); *United States v. Gallagher,* 99 F.3d

---

3. Appellant also challenges his sentences under the Due Process and Equal Protection Clauses of the Arizona Constitution, but because he offers no separate analysis of these provisions, we decline to address them here. *See Forum Dev., L.C. v. Arizona Dep't of Revenue,* 192 Ariz. 90, 97 n. 2, 961 P.2d 1038, 1045 n. 2 (App.1998).

4. With respect to appellant's Eighth Amendment challenge and the issue of the admission of autopsy photographs, we approve the opinion of the court of appeals.

329, 334 (9th Cir.1996). Arizona's statute, however, states with clarity that the punishment for committing first degree murder is either death, natural life, or life in prison with the possibility of parole. Thus, a person of ordinary intelligence can easily determine the range of punishment he or she faces for committing first degree murder. Section 13–703.A is not unconstitutionally vague.

## B.

■ ¶ 12 The court of appeals, relying on *Britton v. Rogers,* 631 F.2d at 572, held that the three part balancing test of *Mathews v. Eldridge,* 424 U.S. at 319, 96 S.Ct. at 893, was the proper vehicle to determine whether A.R.S. § 13–703.A violated appellant's due process rights.

¶ 13 In *Britton,* the district court applied *Mathews* to the context of criminal sentencing, and granted a writ of habeas corpus to an Arkansas state prison inmate who challenged his conviction for first degree rape and subsequent sentence of life imprisonment. 631 F.2d at 574. The district court based its decision in part on the ground that sentencing guidelines the trial court gave to the jury failed to satisfy due process. *Id.* Arkansas appealed this ruling to the Eighth Circuit, which then faced the issue whether due process mandates that courts utilize specific sentencing guidelines in non-capital cases. *Id.*

¶ 14 The *Britton* court first noted that *Mathews* "was initially developed for use in the administrative context." *Id.* at 580. The court also acknowledged that no other federal court had previously applied *Mathews* to criminal sentencing procedures. *Id.* Nevertheless, the court perceived "no doctrinal obstacle to extending [*Mathews* ]" to the issue of criminal sentencing guidelines. *Id.* at 580. The court viewed *Mathews* "as a useful specification of factors to be considered in any case raising procedural due process questions," and accepted the lower court's invitation to evaluate Arkansas' criminal sentencing procedures under the rubric of *Mathews. Id.*

¶ 15 We do not agree that *Mathews* should be extended, and hold that the balancing test set forth in *Mathews* does not provide the correct standard to evaluate constitutional challenges to criminal sentencing procedures. Simply put, the *Mathews* test, by its own language, applies to challenges involving the constitutionality of civil administrative proceedings. As the Supreme Court wrote in *Mathews,* the "resolution of the issue whether the *administrative procedures* provided [in a given case] are constitutionally sufficient requires analysis of the governmental and private interests that are affected." 424 U.S. at 334, 96 S.Ct. at 902 (emphasis added). *See also Medina v. California,* 505 U.S. 437, 443, 112 S.Ct. 2572, 2576, 120 L.Ed.2d 353 (1992) (holding that the *Mathews* test "does not provide the appropriate framework for assessing the validity of state procedural rules which ... are part of the criminal process"); *Mendonza v. Commonwealth,* 423 Mass. 771, 673 N.E.2d 22, 28 (1996) ("The looming danger in [concluding that] any and all deprivations of liberty need only be tested by the test of due process in general ..., [see] *Mathews v. Eldridge* ..., is that the distinctive nature of the procedural guarantees of the criminal process enshrined with such emphasis and specificity in [the Constitution] would be swallowed up in the undifferentiated weighing invited by a generalized due process analysis.").

■ ¶ 16 Our holding that the *Mathews* approach does not apply to constitutional challenges to criminal sentencing procedures does not alter the outcome in this matter. Because appellant has no constitutional right to sentencing guidelines in a non-capital proceeding, the lack of guidelines for imposing a sentence of life or natural life does not violate appellant's right to due process or equal protection under the law. *See Harmelin,* 501 U.S. at 994, 111 S.Ct. at 2701 (rejecting a claim that the Constitution requires a state "to create a sentencing scheme whereby life in prison without possibility of parole is simply the most severe of a range of available penalties that the sentencer may impose after hearing evidence in mitigation and aggravation"); *United States v. LaFleur,* 971 F.2d 200, 211–12 (9th Cir.1991) (holding that the Constitution does not require an individual

assessment of the appropriateness of a life sentence).

### IV.

¶ 17   For the foregoing reasons, we affirm the judgment of the trial court, and vacate in part and approve in part the opinion of the court of appeals.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice.