18 P.3d 1253

**The STATE of Arizona, Respondent,**

v.

**Jerry L. ESTRADA, Petitioner.**

**No. 2CACR00–0482PR.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 27, 2001.

Kenneth A. Angle, Graham County Attorney, by Jack M. Williams, Safford, for respondent.

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C., by James Stuehringer, Tucson, for petitioner.

## OPINION

FLÓREZ, J.

¶ 1 Petitioner was charged with the first-degree murder of his wife. At the outset of trial, he pled guilty to a reduced charge of second-degree murder. The trial court sentenced petitioner to a maximum aggravated, twenty-two-year term of imprisonment. He challenged that sentence in a petition for post-conviction relief filed pursuant to Rule 32, Ariz.R.Crim.P., 17 A.R.S., which the trial

court denied after a hearing. This petition for review followed.

¶ 2 Prior to sentencing, petitioner's counsel wrote a comprehensive letter to the trial court, supported by attached documentation, outlining numerous factors to be considered in mitigation. The prosecutor filed an equally extensive sentencing memorandum, urging the court to consider certain factors as aggravating circumstances. At the aggravation/mitigation hearing held before sentencing, the trial court stated that it had reviewed these submissions and allowed petitioner to call a witness in mitigation. After both parties argued their positions, the trial court made the following comments before pronouncing the aggravated sentence:

> The Court finds that the following aggravating circumstances apply:
>
> That [petitioner] committed the offense in a[n] especially heinous and depraved manner; the emotional harm caused to the victim's family; the defendant's callous disregard for the life of [the victim], [the petitioner's] prior history of domestic violence; and the use of a deadly weapon in the commission of this crime.
>
> The aggravating circumstances are sufficiently substantial to warrant an aggravated sentence.

■ ¶ 3 In his Rule 32 petition, petitioner challenged the aggravated sentence, arguing (1) that the trial court erred in relying on aggravating factors that were not alleged by the prosecutor in his sentencing memorandum; (2) that the trial court failed to consider and properly weigh mitigating evidence presented by the defense, contrary to *State v. Harrison*, 195 Ariz. 1, 985 P.2d 486 (1999); (3) that the trial court erred as a matter of law in finding that the crime was committed in an "especially heinous and depraved" manner; and (4) that the trial court failed to properly balance the aggravating and mitigating factors as required by law. After a hearing, the trial court denied the petition as follows:

> The Court clearly articulated the aggravating circumstances justifying the sentence that was imposed against [petitioner].
>
> The Court further finds that any mitigating factors were insufficient to overcome the aggravating factors and there was therefore substantial compliance as required under *State v. Harrison*.
>
> It is the Court's decision that the sentence imposed was lawful and supported by the record.

We will not disturb a trial court's ruling on a petition for post-conviction relief absent an abuse of discretion. *State v. Watton*, 164 Ariz. 323, 793 P.2d 80 (1990).

¶ 4 In his petition for review, petitioner delineates three bases of error in his sentence. First, petitioner claims that he was entitled to post-conviction relief because his aggravated sentence was imposed in violation of A.R.S. § 13–702(B), which provides:

> The [aggravated sentence] may be imposed *only if the circumstances alleged to be in aggravation* or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial. . . .

(Emphasis added.) Petitioner argues that because the state's sentencing memorandum did not expressly allege as an aggravating factor that the offense was committed in an "especially heinous and depraved" manner, the trial court was precluded from aggravating the sentence on that basis, and the sentence is therefore illegal. Division One of this court addressed an identical argument in *State v. Marquez*, 127 Ariz. 3, 6, 617 P.2d 787, 790 (App.1980), and rejected the "argument that the word 'alleged' was meant to require some formal action by the prosecutor before the trial judge could make a finding that aggravating circumstances exist." Rather, Arizona's sentencing scheme [1] permits the sentencing court to deviate from the presumptive sentence within statutory limits "if aggravating or mitigating circumstances

---

1. *Marquez* involved the application of former § 13–702(C), which has since been redesignated as § 13–702(B) with no change in the relevant language. *See* 1993 Ariz.Sess.Laws, ch. 255, § 11.

... appear in the evidence or in the presentence report." *Id.*

■■■ ¶ 5 Petitioner's reliance on *State v. Ortiz,* 131 Ariz. 195, 639 P.2d 1020 (1981), and *State v. Scott,* 177 Ariz. 131, 865 P.2d 792 (1993), which address the due process requirement that the state give sufficient advance notice of the aggravating factors it intends to prove at sentencing to enable a defendant to prepare a rebuttal, is misplaced. Both *Ortiz* and *Scott* involved capital defendants sentenced under A.R.S. § 13–703, Arizona's death penalty sentencing statute. The due process requirements for sentencing a defendant to be executed are more stringent than, and do not necessarily apply to, noncapital sentencings. *See State v. Wagner,* 194 Ariz. 1, 976 P.2d 250 (App.1998), *vacated in part on other grounds,* 194 Ariz. 310, 982 P.2d 270 (1999); *see also Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Moreover, even in capital cases, evidence adduced at trial may be considered in aggravation without additional notice, *see Ortiz,* which is essentially what occurred here. Although petitioner did not have a trial, the trial court was familiar with the facts of his case. Petitioner had fully and frankly confessed to police that he had shot his wife in the head at close range with a shotgun after an argument. That confession was the subject of considerable pretrial litigation; the court's file contained one transcript of the confession, and another was admitted into evidence at a suppression hearing. Thus, the trial court did not violate § 13–702(B) or petitioner's due process rights by finding an aggravating factor not expressly alleged in the state's sentencing memorandum.

■■■ ¶ 6 Second, petitioner argues that the trial court erred as a matter of law in finding as an aggravating factor under § 13–702(C)(5) that the crime was "[e]specially heinous ... or depraved." Citing another capital case, *State v. Gretzler,* 135 Ariz. 42, 659 P.2d 1 (1983), petitioner claims that the trial court should have considered the following five factors in determining whether his crime was committed in an especially heinous or depraved manner: (1) whether petitioner relished the murder; (2) whether petitioner

inflicted gratuitous violence on the victim; (3) whether petitioner mutilated the victim; (4) the senselessness of the crime; and (5) the helplessness of the victim. Petitioner relies on numerous other death penalty opinions, all post-*Gretzler,* in arguing that none of these factors should have been gleaned from the facts of his shooting, which he characterizes as a single shot that instantly killed the victim. But although the "[e]specially heinous, cruel or depraved" aggravating factor in capital cases, set forth in § 13–703(F)(6), is similarly worded to § 13–702(C)(5), the case law determining what circumstances of the crime are sufficient to support a finding of a valid aggravating factor under § 13–703(F)(6) for imposing the death penalty simply does not apply to noncapital cases.

■■■ ¶ 7 To comport with the Eighth Amendment's proscription against cruel and unusual punishment, a state's capital sentencing scheme must distinctly narrow the class of defendants convicted of first-degree murder who may be sentenced to death from other persons who have committed first-degree murders, thus directing and limiting the discretion of the judge or jury in imposing the death penalty. *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *State v. Mata,* 185 Ariz. 319, 916 P.2d 1035 (1996). Statutory capital aggravating factors "circumscribe the class of persons eligible for the death penalty." *Zant v. Stephens,* 462 U.S. 862, 878, 103 S.Ct. 2733, 2743, 77 L.Ed.2d 235, 251 (1983). Statutory factors can be too facially vague to narrow the capital sentencer's discretion for Eighth Amendment purposes. *See Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) (finding vague Oklahoma's "especially heinous, atrocious, or cruel" statutory aggravating circumstance). Such potentially unconstitutional factors may be salvaged, however, by an appellate court's narrow construction of them on review. *Lewis v. Jeffers,* 497 U.S. 764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); *Mata.* Accordingly, our supreme court had narrowly construed the § 13–703(F)(6) "[e]specially heinous, cruel or depraved" factor in its death penalty jurisprudence even before 1983, when it decided *Gretzler. See Mata.* Thus, the authori-

458

ty petitioner relies on has adopted a narrow definition of "[e]specially heinous, cruel or depraved," having applied the terms specifically in the context of the Eighth Amendment's limits on imposing the death penalty. Because petitioner was not sentenced to death, that authority is not applicable here.

¶ 8 In a noncapital case, the sentencing judge's discretion is broader; aggravating circumstances need only be found to be true and to be supported by reasonable evidence in the record, and they need not be proven beyond a reasonable doubt, *see State v. Meador,* 132 Ariz. 343, 645 P.2d 1257 (App.1982), as they do in capital cases. *See State v. Jordan,* 126 Ariz. 283, 286, 614 P.2d 825, 828 (1980). The noncapital "[e]specially heinous, cruel or depraved" aggravating factor in § 13–702(C)(5) has been found to be justified on much broader grounds than its capital counterpart. *See Meador* (affirming sentence for second-degree murder aggravated in part by finding of cruel and depraved when evidence revealed that defendant killed victim in desert and fled from scene without reporting incident and without remorse but did not show senselessness, relishment, gratuitous violence, or mutilation).[2] The trial court did not abuse its discretion here in finding that petitioner murdered his wife in an especially heinous and depraved manner; petitioner confessed that he had threatened his wife with the loaded shotgun for an appreciable length of time before shooting her in the head.

¶ 9 Third, petitioner argues that his sentence is illegal because the trial court failed to consider and articulate the substantial mitigating circumstances he presented, claiming this was in contravention of *Harrison.* We will not disturb a sentence that is within the statutory range absent an abuse of discretion. *State v. Russell,* 175 Ariz. 529, 858 P.2d 674 (App.1993). A trial court abuses its discretion if it "fails to conduct an adequate investigation into the facts relevant to sentencing." *Id.* at 534, 858 P.2d at 679.

¶ 10 Petitioner contends that *Harrison* requires a court to articulate mitigating factors even when it imposes an aggravated sentence. We disagree. In *Harrison,* the trial court imposed an aggravated sentence after extensively lecturing the defendant in open court on anger management and civilized behavior in society. Ultimately, however, the trial court did not expressly find any valid aggravating circumstances under § 13–702(C). In vacating the sentence and remanding the matter for resentencing, our supreme court held, "We believe § 13–702 requires the judge to tell the victim, the defendant, the appellate court, and the public what he or she considered as aggravation and mitigation and why he or she imposed an aggravated or mitigated sentence." *Harrison,* 195 Ariz. 1, ¶ 11, 985 P.2d 486, ¶ 11.

¶ 11 Unlike in *Harrison,* the trial court here expressly found and clearly articulated the aggravating circumstances. And, although in originally pronouncing sentence the trial court made no mention of mitigating factors, the trial court made it clear in its order in denying post-conviction relief that it had considered the evidence in mitigation when it stated that "any mitigating factors were insufficient to overcome the aggravated factors." The court was only required to consider the evidence in mitigation. *State v. Fatty,* 150 Ariz. 587, 724 P.2d 1256 (App. 1986). Here, the trial court stated at the sentencing hearing that it had "considered the memorandum of the attorneys and the attachments to those memorandums" and had "reviewed the letters received on behalf of Mr. Estrada." Moreover, we will presume the court considered any such evidence that was before it. *State v. Everhart,* 169 Ariz. 404, 819 P.2d 990 (App.1991).

¶ 12 The trial court substantially complied with its obligation under § 13–702(B) and *Harrison* to put on the record its reasons for imposing the aggravated sentence. *See State v. Cid,* 181 Ariz. 496, 892 P.2d 216 (App.1995) (although trial court did not articulate factual findings as to mitigating factors, aggravated sentence upheld where trial court was aware

**2.** The "[s]pecially heinous, cruel or depraved" factor in effect at the time of *Meador* was found at § 13–702(D)(5), which has been subsequently redesignated as § 13–702(C)(5). *See* 1993 Ariz. Sess.Laws, ch. 255, § 11.

of mitigating factors presented by defendant, trial court expressly found valid aggravating factors, and trial court specifically found that aggravating factors substantially outweighed mitigating factors). The trial court did not abuse its discretion in denying post-conviction relief.

¶ 13 We grant the petition for review, but we deny relief.

BRAMMER, Presiding J., and PELANDER, J., concur.