NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ADRIAN LAMAR GRAYSTONE, *Appellant.*

No. 1 CA-CR 16-0840
FILED 12-5-2017

Appeal from the Superior Court in Coconino County
No. S0300CR201600239
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Kathryn A. Damstra
*Counsel for Appellee*

Gordon & Gordon, PLLC, Cottonwood
By David P. Gordon
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

**¶1**　　　　Adrian Graystone appeals from his conviction and sentence for unlawful flight from a law enforcement vehicle, a class 5 felony. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**　　　　On October 1, 2014, Graystone was driving a tractor-trailer truck on I-40. Despite signs and markings indicating an upcoming mandatory Arizona Department of Transportation ("ADOT") commercial weigh-in station and checkpoint, Graystone failed to exit. An ADOT officer activated the lights and siren of his patrol vehicle and began pursuing Graystone's truck. Graystone slowed the truck and moved toward the shoulder as if to stop but then accelerated and continued driving on I-40. After the officer pursued Graystone for approximately nine miles, Graystone pulled over. He was physically removed from the truck after he failed to comply with orders to exit.

**¶3**　　　　An inventory search of the truck revealed an aluminum pipe, a glass pipe with white smoke residue, a juice box with white crystalline powder, a digital scale, and copper mesh. After obtaining a warrant, police obtained a blood sample from Graystone, which revealed traces of benzoylecgonine, a nonactive metabolite of cocaine.

**¶4**　　　　Although the State originally charged Graystone with several offenses, it filed an amended indictment that included only the unlawful flight charge. Graystone moved in limine to preclude introduction of the drug paraphernalia found in the truck pursuant to Arizona Rule of Evidence ("Rule") 403, asserting it would be irrelevant and prejudicial. The State countered that evidence of Graystone's possession of drug paraphernalia and blood results were relevant to prove motive under Rule 404(b). The court denied Graystone's motion, finding the evidence was relevant and its probative value would not be substantially outweighed by unfair prejudice. The court also explained that the State would have to "lay

the foundation necessary to establish by clear and convincing evidence that [Graystone] committed the act"prior to admission of the evidence.

¶5        At Graystone's bench trial, and over objection, the State introduced evidence of traces of benzoylecgonine in Graystone's blood and the drug paraphernalia recovered from his truck. The superior court found him guilty of unlawful flight from a law enforcement vehicle, suspended the imposition of sentence, and placed Graystone on two years' probation. This timely appeal followed.

## DISCUSSION

¶6        Graystone argues the superior court abused its discretion by admitting evidence of drug paraphernalia and the results from his blood test because the other acts evidence was unduly prejudicial, in violation of Rule 403. Graystone does not challenge the admissibility of such evidence under Rule 404(b).

¶7        "We review the trial court's evidentiary rulings for an abuse of discretion." *State v. Escalante-Orozco*, 241 Ariz. 254, 274, ¶ 51 (2017). "The trial court is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice." *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21 (App. 1998), *aff'd*, 195 Ariz. 1 (1999). We "view[] the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *Id.* (internal quotation and citation omitted).

¶8        Rule 403 states that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ariz. R. Evid. 403. "Unfair prejudice results if the evidence has an undue tendency to suggest decision on an improper basis, such as emotion, sympathy, or horror." *State v. Mott*, 187 Ariz. 536, 545 (1997).

¶9        Graystone contends the superior court erred by permitting "overwhelming" evidence of drug paraphernalia and drug use because it was unrelated to unlawful flight and the probative value of the evidence was substantially outweighed by unfair prejudice. As noted, however, Graystone does not challenge the superior court's admission of the evidence under Rule 404. Thus, except as limited by Rule 403, the other acts evidence was admissible to show Graystone's motive and absence of mistake for willfully failing to stop when being pursued by law enforcement.

¶10    In light of Graystone's anticipated defense, the superior court did not abuse its discretion when it found the probative value of the challenged evidence outweighed any prejudice.  After he was arrested, Graystone told an officer that he did not stop because he believed the inspection site was fake.  During oral argument on the motion in limine, Graystone's counsel indicated that Graystone did not stop the truck because he thought the officers were "bandits." At trial, Graystone testified he was not running from police, but was instead avoiding a person "portraying the part of a police officer."  He also testified the police officer's procedures were unlike "anything . . . you would see."  Thus, the court's decision to allow evidence of the drug paraphernalia found in the truck and Graystone's recent drug use was not an abuse of discretion.

¶11    Moreover, the record indicates that the superior court did not give significant weight to the other acts evidence, explaining that "[t]he paraphernalia now becomes even less important because the defendant admitted under oath that his logbooks were falsified.  So that in and of itself tells the Court there was a reason why Graystone did not want to stop at the commercial vehicle check point."  On this record, Graystone has not established that admission of the drug paraphernalia and drug use evidence resulted in unfair prejudice against him.

## CONCLUSION

¶12    For the foregoing reasons, we affirm Graystone's conviction and sentence.

