IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**MANUEL DAVID PEREZ-GUTIERREZ,**
*Appellant.*

No. CR-23-0137-PR
Filed May 31, 2024

Appeal from the Superior Court in Maricopa County
The Honorable Geoffrey H. Fish, Judge
No. CR2020-135003-001
**REMANDED**

Opinion of the Court of Appeals, Division One
255 Ariz. 232 (App. 2023)
**VACATED WITH INSTRUCTIONS**

COUNSEL:

Kristin K. Mayes, Arizona Attorney General, Alice M. Jones, Deputy Solicitor General, Section Chief of Criminal Appeals, Ashley Torkelson Levine (argued), Assistant Attorney General, Criminal Appeals Section, Phoenix, Attorneys for State of Arizona

James J. Haas, Maricopa County Public Defender, Aaron J. Moskowitz (argued), Maricopa County Deputy Public Defender, Phoenix, Attorneys for Manuel Perez-Gutierrez.

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, MONTGOMERY, and KING joined.

———————

JUSTICE BEENE, Opinion of the Court:

¶1        Most errors made by a trial court fall into one of two categories: trial error or structural error. *See State v. Ring*, 204 Ariz. 534, 552 ¶ 45 (2003). If a criminal defendant does not object to trial error when it occurs, the error is only reversable on appeal if it is "fundamental" and prejudicial. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018). Conversely, if a defendant can establish that structural error occurred, the error results in automatic reversal, regardless of whether the error prejudiced the defendant—and regardless of whether an objection was lodged at trial. *See Ring*, 204 Ariz. at 552 ¶ 45.

¶2        But not all trial errors require an appellate court to reverse or affirm the trial court's disposition. Consequently, Arizona courts have developed a limited-remand practice. This practice does not require a showing of prejudice, but it also does not necessarily result in reversal. Courts have not always agreed on when it is appropriate to deploy this limited-remand practice.

¶3        This case calls for us to decide whether an unobjected-to violation of A.R.S. § 13-711(A)—which requires courts to explain certain sentencing decisions on the record—is amenable to: (1) fundamental-error review, (2) structural-error review, or (3) the limited-remand practice developed in cases like *State v. Anzivino*, 148 Ariz. 593 (App. 1985), and *State v. Harrison*, 195 Ariz. 1 (1999). Because violations of § 13-711(A) are akin to administrative errors that a trial court can correct without affecting the disposition, we hold that a remand for the limited purpose of statutory compliance is appropriate.

## BACKGROUND

¶4        A jury convicted Manuel Perez-Gutierrez of eight counts of sexual conduct with a minor. Perez-Gutierrez's victim was under the age of fifteen for counts one and two, resulting in two twenty-year terms of imprisonment. He received one-year sentences for the remaining six

counts. The court ordered Perez-Gutierrez to serve all sentences consecutively.

¶5        Arizona law compelled the trial court to impose consecutive sentences for counts one and two. *See* A.R.S. § 13-705(E), (P), (T); A.R.S. § 13-1405. But the court had discretion to impose the remaining sentences consecutively or concurrently. *See* §§ 13-711(A), -1405. When deciding whether to impose sentences consecutively or concurrently, however, the court was statutorily required to "state on the record the reason for its determination." § 13-711(A). The trial court here failed to do so. Perez-Gutierrez did not object, but he did appeal on that basis. *State v. Perez-Gutierrez*, 255 Ariz. 232, 232 ¶ 1 (App. 2023). On appeal, he argued—for the first time—that "the superior court erred by failing to explain why it imposed consecutive sentences as required by A.R.S. § 13-711(A)." *Id.* at 234 ¶ 6.

¶6        A split court of appeals agreed with Perez-Gutierrez, remanding the case with instructions for the trial court to put the reasons for its sentencing determination in the record. *Id.* at 238 ¶ 27. Relying on the *Anzivino* and *Harrison* lines of cases, the court of appeals' majority explained that § 13-711(A) requires a judge to: (1) articulate at sentencing the factors he or she considered, and (2) explain how those factors led to the sentence he or she imposed. *See id.* at 235 ¶ 13. The court of appeals held that if a judge fails to substantially comply with these requirements, the case must be remanded for the trial court to satisfy § 13-711 by providing its sentencing reasons. *Id.* at 235 ¶ 14.

¶7        The dissenting judge agreed that the superior court had violated § 13-711(A) but believed that remand was unnecessary. *Id.* at 238 ¶¶ 28–29 (Catlett, J., dissenting). Instead, the dissent maintained that the court of appeals' usual trial error framework should apply. *Id.* ¶ 29. That is, if a trial court violates § 13-711(A), appellate courts should review for harmless error if the defendant objects, and fundamental error if the defendant does not. *Id.* And here, because Perez-Gutierrez did not object at trial, the dissent argued that the court of appeals should review for fundamental error and affirm the sentences. *Id.*

¶8        A separate court of appeals' panel subsequently issued *State v. Garcia*, 256 Ariz. 434, 436 ¶ 2 (App. 2023), which explicitly endorsed the

dissent's analysis in *Perez-Gutierrez*. We granted review to resolve this conflict, and because the standard of review for violations of § 13-711(A) is a recurring issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

¶9 This Court reviews the interpretation of sentencing statutes de novo, *Allen v. Sanders*, 240 Ariz. 569, 571 ¶ 9 (2016), but reviews a "trial judge's reason[s] for imposing . . . consecutive sentences" for an abuse of discretion, *see State v. Meeker*, 143 Ariz. 256, 266 (1984); *see also* § 13-711(A).

## I.

¶10 When imposing multiple sentences of imprisonment, sentencing courts are governed by § 13-711, which reads in relevant part:

> **A.** Except as otherwise provided by law, if multiple sentences of imprisonment are imposed on a person at the same time, the sentences imposed by the court may run consecutively or concurrently, as determined by the court. *The court shall state on the record the reason for its determination.*

§ 13-711(A) (emphasis added). The final sentence of this section imposes a duty on sentencing courts to explain, on the record, their reasons for imposing sentences either consecutively or concurrently.

¶11 Sentencing courts are also governed by the Arizona Rules of Criminal Procedure promulgated by this Court. One such rule, concerned with consecutive sentences, reads in relevant part:

> If the court imposes separate sentences of imprisonment on a defendant for two or more offenses, *the sentences run consecutively unless the judge expressly directs otherwise*. This rule applies even if the offenses are not charged in the same indictment or information. There is no presumption favoring consecutive sentences rather than concurrent sentences.

Ariz. R. Crim. P. 26.13 (emphasis added). Unlike § 13-711(A), this rule does not require a sentencing court to state its reasons for imposing consecutive sentences.

¶12 Section 13-711(A) and Rule 26.13 both apply to sentencing procedures, and the duty to explain sentencing decisions required by § 13-711(A) ostensibly conflicts with Rule 26.13. And "in the event of irreconcilable conflict between a procedural statute and a [Court-promulgated] rule, the rule prevails." *Seisinger v. Siebel*, 220 Ariz. 85, 89 ¶ 8 (2009). This is because our constitution vests this Court—and it alone—with the "[p]ower to make rules relative to all procedural matters in any court." Ariz. Const. art. 6, § 5(5); *see also id.* art. 3 (delineating Arizona's separation of powers).

¶13 Here, however, we avoid this potential constitutional conflict by prospectively adopting § 13-711(A)'s on-the-record requirement. *See generally In re Pima Cnty. Juv. Action No. S-933*, 135 Ariz. 278, 281 (1982) (avoiding a potential constitutional issue by adopting A.R.S. § 8-538(A)'s statutory on-the-record requirement); *cf. Seisinger*, 220 Ariz. at 89 ¶ 11 (explaining that courts will construe statutes to avoid constitutional violations when possible). Section 13-711(A)'s procedural requirement is reasonable, workable, and enables meaningful appellate review. Henceforth, regardless of whether a sentencing judge imposes sentences consecutively or concurrently, the judge must state on the record the reason for his or her determination.

## II.

¶14 Having adopted § 13-711(A)'s procedural requirement, we now address the merits of Perez-Gutierrez's appeal.

### A.

¶15 As a threshold matter, we note that this requirement regulates secondary conduct which occurs during the sentencing process. *Cf. Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994) ("[R]ules of procedure regulate secondary rather than primary conduct . . . ."). And neither the State nor Perez-Gutierrez have a vested interest in matters of procedure. *See id.*; *accord Aranda v. Indus. Comm'n*, 198 Ariz. 467, 470 ¶ 11 (2000). Thus, we may apply § 13-711(A) to Perez-Gutierrez's ongoing appeal without

impermissibly interfering with the parties' vested rights. *See Aranda*, 198 Ariz. at 470 ¶ 11.

**B.**

**¶16** As previously noted, § 13-711(A) requires a sentencing court to "state on the record the reason[s] for its [sentencing] determination." Failure to substantially comply with this requirement is error. *Cf. Harrison*, 195 Ariz. at 4 ¶ 12. In this context, substantial compliance requires the trial court to sufficiently (1) articulate the relevant factors it considered, and (2) explain how those factors led to the court's sentencing determination. *See id.* Here, the record is bereft of any discussion of relevant factors and how they led to the sentence imposed. The trial court, therefore, erred by failing to substantially comply with § 13-711(A). The appropriate remedy for this error depends on the nature of the violation and how courts review violations of a similar nature.

**¶17** Appellate courts review violations of "certain basic, constitutional guarantees that should define the framework of any criminal trial" for structural error. *See Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017); *accord Ring*, 204 Ariz. at 552–53 ¶¶ 45–46. These violations are uncommon—and highly consequential. *See State v. Torres*, 208 Ariz. 340, 344 ¶ 11 (2004) (listing examples of structural error, including "complete denial of counsel [and] a biased trial judge"). Structural errors can corrupt the framework of a criminal trial so thoroughly that the trial cannot reliably determine whether a defendant is guilty or innocent. *Ring*, 204 Ariz. at 552 ¶ 45. Put simply, structural error is so significant that the affected disposition is necessarily unreliable. If a defendant can establish that a structural error has occurred—even if the defendant did not object at trial—the only remedy is reversing the affected disposition. *Id.*; *see also Weaver*, 582 U.S. at 294–95.

**¶18** Most other trial deficiencies constitute "trial error." *Ring*, 204 Ariz. at 552 ¶ 45. A defining feature of trial error is that appellate courts may quantitatively assess the prejudice caused by these errors to determine whether the error harmed the defendant. *See id.* When a defendant properly objects to a trial error, we review for "harmless error," and the state must "prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Henderson*, 210 Ariz.

561, 567 ¶ 18 (2005). When a defendant does not object to a trial error, however, he or she forfeits appellate relief unless the defendant can establish "fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Escalante*, 245 Ariz. at 142 ¶ 21. If the defendant establishes fundamental error under either of the first two prongs, a separate showing of prejudice is required, but if fundamental error is shown under the third prong, prejudice is presumed, and the reviewing court must reverse the affected disposition. *Id*.

¶19 Given these definitions, it is apparent that violations of § 13-711(A) are neither structural nor trial error. This error is not structural error for two reasons. First, § 13-711(A) is not a basic constitutional guarantee. Second, and more importantly, sentences are not rendered unreliable simply because a court did not articulate its reasons for imposing them consecutively. To be sure, compliance with § 13-711(A) assists appellate review, but violations of this statute merely complicate review, rather than affect the reliability of a sentencing disposition. Thus, § 13-711(A) violations are not structural errors.

¶20 Section 13-711(A) violations are also not ordinary trial errors. This is because appellate courts may quantitatively review trial errors to determine if they affected the trial court's disposition. *See Ring*, 204 Ariz. at 552 ¶ 45; *see also State v. Smith*, 219 Ariz. 132, 136 ¶ 20 (2008) (explaining that sentence-enhancement errors, which necessarily affect a sentencing disposition, are amenable to fundamental-error review). But § 13-711(A) violations do not affect the reliability of a sentence nor influence the sentencing court's disposition. And—because these violations do not influence a sentence's disposition—their effect cannot be quantitatively reviewed for prejudice. *Cf. Smith*, 219 Ariz. at 136 ¶ 22 n.8 (noting that, if a sentence-enhancement error occurred, the court of appeals can assess "whether it resulted in prejudice"). Thus, § 13-711(A) violations are not trial errors that require reversal under either harmless error or fundamental error review.

¶21 This conclusion—that a sentencing court's failure to comply with § 13-711(A) is neither structural nor ordinary trial error—comports with our conclusion in *Harrison*. In *Harrison*, we concluded that failure to

comply with an analogous statute was not amenable to quantitative review. 195 Ariz. at 5 ¶ 17 (rejecting "a harmless error analysis" for violations of A.R.S. § 13-702, which requires a sentencing court to place findings and reasons for imposing an aggravated or mitigated sentence on the record). Similarly, in *Anzivino*, the court of appeals correctly concluded that failure to comply with A.R.S. § 13-708 (which was renumbered as § 13-711 and required a sentencing court to "state [its] grounds for imposing consecutive sentences") did "not fit neatly into th[e] definition of fundamental error." 148 Ariz. at 597–98. We agree.

**¶22**    The State nevertheless suggests that we implicitly overruled *Anzivino* and *Harrison* when we clarified fundamental error review in *Henderson*. This suggestion is incorrect. In *Henderson*, we addressed *what* an appellant must show to prevail under a fundamental-error standard, not *when* an appellate court should apply fundamental-error review. *See id.* at 568 ¶ 21. Accordingly, *Henderson* is not inconsistent with, and did not overrule, either *Anzivino* or *Harrison*. *Cf. Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 263 ¶ 31 (2022) (declining to assume this Court had overruled "longstanding . . . jurisprudence by implication").

**¶23**    The State further argues that § 13-711(A) violations are amenable to fundamental-error review because courts review violations of other rules and statutes for fundamental error. *See, e.g.*, *State v. Smith*, 250 Ariz. 69, 91–92 ¶¶ 95–98 (2020) (reviewing trial court's failure to comply with Rule 19.1(d) for fundamental error); *State v. Delahanty*, 226 Ariz. 502, 504–05 ¶¶ 7–12 (2011) (reviewing trial court's failure to comply with A.R.S. § 13-754(A) for fundamental error). But this argument also misses the mark. These rules and statutes differ from § 13-711(A) because violations of these rules and statutes may affect a court's disposition. More precisely, § 13-711(A) imposes an administrative duty that assists appellate review, whereas Rule 19.1(d) and § 13-754(A) impose duties that protect a criminal defendant's rights. *See, e.g.*, *Smith*, 250 Ariz. at 91 ¶ 92 (recognizing that Rule 19.1(d) protects a defendant's "right to a fair trial"). And because these rules and statutes implicate a defendant's rights, violations may affect a court's disposition—which means that appellate courts may review these violations for prejudice. *See* Part II(B) ¶ 20. Thus, courts may review violations of these rules and statutes for fundamental error. We cannot say the same for violations of § 13-711(A).

¶24        At bottom, § 13-711(A) violations are not meaningfully reviewable using our traditional standards of review.  Accordingly, we conclude that violations of § 13-711(A) are not amenable to structural- or fundamental-error review, and we apply the limited-remand practice developed in *Anzivino* and *Harrison*.  Once a party establishes a § 13-711(A) violation, appellate courts should stay the appeal and remand the case for the trial court to correct its administrative error by explaining its sentencing determination on the record.  Thereafter, the appeal may proceed, and the court may address arguments regarding the trial court's sentencing decision.  This must occur regardless of whether a defendant objected during sentencing.[1]

## C.

¶25        Though we approve of *Anzivino*'s and *Harrison*'s limited-remand practice, we must qualify our approval.  This is because the *Anzivino* and *Harrison* courts went too far by remanding the defendants' cases for *resentencing*.  A resentencing—and all that it entails—is not necessary to remedy a failure to substantially comply with § 13-711(A).

¶26        Indeed, as the State indicates, vacating or reversing sentences for a § 13-711(A) violation may be unconstitutional.  This is because article 6, section 27 of the Arizona Constitution tells us that "[n]o cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."  In this context, "technical errors" are errors that "do not affect the substantial rights of the accused."  *State v. Lane*, 72 Ariz. 220, 227 (1951).  And errors affect "substantial rights" when there is "a reasonable probability that the error affected the outcome" of a proceeding.  *See United States v. Marcus*, 560 U.S. 258, 262 (2010).

---

[1] To be clear, this is a unique remedy for a unique situation.  If a defendant does not object to the *imposition* of consecutive sentences in the trial court—a different issue from substantially complying with § 13-711(A)—the court of appeals must review for fundamental error.  *See State v. Carlson*, 237 Ariz. 381, 400 ¶ 78 (2015).  Alternatively, if the defendant objects, courts must review the objection under the harmless-error standard.  *Id.* at 396 ¶ 52.

¶27        As explained above, § 13-711(A) violations do not affect courts' dispositions.   Because these violations do not affect the outcome courts reach, they do not affect the substantial rights of the accused and are "technical errors" within the meaning of article 6, section 27.  Thus, were we to vacate a sentence and remand for resentencing after a violation of § 13-711(A) — as done in *Anzivino* — our constitution would be implicated.  But sending a matter back for clarification and compliance with the statute neither disturbs a sentence nor requires resentencing.   And a limited remand also protects a victim's right to a prompt conclusion after a conviction.  *See* Ariz. Const. art. 2, § 2.1(10).

¶28        Accordingly,     today's     holding     does     not     disturb Perez-Gutierrez's sentences.   Instead, we vacate the court of appeals' opinion and remand this matter to it with instructions to suspend Perez-Gutierrez's appeal and revest jurisdiction in the trial court for the limited purpose of satisfying § 13-711(A)'s requirement that the court "state on the record the reason for its determination."  The trial court must correct the omission by placing on the record the reasons for its sentencing decisions.  *See generally* Ariz. R. Crim. P. 24.4 ("The court . . . may, at any time, correct clerical errors, omissions, and oversights in the record.").  Thereafter, jurisdiction revests with the court of appeals.  That court must then permit the defense an opportunity to argue that the trial court erred by imposing consecutive sentencing and permit the State to respond to such arguments.  We abrogate *Anzivino* and *Harrison* to the extent they require more than this.

## III.

¶29        Because the circumstances presented here may recur, we delineate best practices for trial judges and defense counsel when confronted with a similar situation.

¶30        At the outset, there has been some confusion regarding whether a defendant must object to an error during his or her sentencing phase to preserve the objection on appeal.  This confusion largely traces its origins to *State v. Vermuele*, where the court of appeals rejected "a requirement that counsel interrupt" a sentencing proceeding "simply to preserve the appellate record."   226 Ariz. 399, 402 ¶ 8 (App. 2011).  We disagree with *Vermuele*'s admonition.  A defendant should always object in

a timely manner to any perceived error—including violations of § 13-711(A). This will afford the trial court an opportunity to correct any error and avoid an issue on appeal. We disapprove of any statement in *Vermuele* suggesting otherwise.

**¶31**        We do not, of course, suggest that counsel should inappropriately interrupt the court during sentencing to preserve an error. But there is generally an opportunity to be heard at some point in the proceeding where a timely objection can be interposed. We also encourage trial judges to give the parties a final opportunity to be heard on the record before the hearing concludes.

**¶32**        Finally, if counsel does not object to a § 13-711(A) violation at sentencing, he or she may seek a remedy directly from the trial court. Arizona Rule of Criminal Procedure 24.3(a) allows the court to "correct any unlawful sentence or one imposed in an unlawful manner." This rule would allow the sentencing court to correct a § 13-711(A) violation prior to appellate review. We therefore encourage counsel to challenge non-compliance with § 13-711(A) with a Rule 24.3(a) motion if they fail to object at sentencing.

## CONCLUSION

**¶33**        For the foregoing reasons, we (1) vacate the court of appeals' opinion; (2) remand for that court to suspend this appeal and revest jurisdiction in the trial court for not more than fourteen days from the filing date of this Opinion for the limited purpose of stating its sentencing reasons on the record; (3) order the court of appeals to allow Perez-Gutierrez twenty-one days from the day the trial court complies with § 13-711(A) to amend his appeal and brief any alleged error revealed by the trial court's reasons for imposing consecutive sentences; and (4) order the court of appeals to allow the State no more than seven days from the day Perez-Gutierrez files an amended appeal to respond.