NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PABLO MARTINEZ ORTIZ, *Appellant.*

No. 1 CA-CR 23-0290

FILED 08-29-2024

Appeal from the Superior Court in Maricopa County
No. CR2019-111423-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1 Pablo Martinez Ortiz appeals his convictions and sentences for first-degree burglary and misconduct involving weapons. Ortiz's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Ortiz was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for reversible error. After reviewing the record, we affirm Ortiz's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 In January 2019, Jake Knight lived in a small studio apartment.[1] His then-girlfriend, Sarah Butler, frequently stayed with him. Ortiz, who goes by the name "Trigger," once lived at the same apartment complex. Ortiz has distinct tattoos, including a large tattoo on his forehead. He requires the use of a wheelchair but can stand with assistance.

¶3 One evening, Knight went to the store while Butler cleaned the apartment. When Knight returned, Ortiz and an unknown man followed him into the apartment. The unknown man, wielding a knife, lunged at Knight and a struggle ensued. Ortiz yelled "where's the money" and demanded Butler "get down on the ground." Butler recognized Ortiz's voice. As Butler dropped to the ground, she saw Ortiz using one hand to prop himself up on the door and pointing a gun with the other. She asked him, "Trigger, what are you doing?" Ortiz looked at Butler when she said his nickname.

¶4 When Knight eventually pushed the unknown man away, Ortiz shot him once in the chest. Knight tried to hide in a closet and Ortiz shot through the wall, hitting him a second time in the abdomen. The two

---

[1] We use pseudonyms to protect the privacy of the victims.

men fled the apartment and Knight called 9-1-1. Police officers had Knight transported to the hospital, and he survived his injuries. Officers found a shell casing and a pill bottle with Ortiz's name near the door of the apartment. Butler identified Ortiz as the shooter.

¶5        In March 2019, officers located Ortiz and arrested him for the shooting. While taking Ortiz into custody, officers found a gun on his right hip. Ortiz had prior felony convictions and was prohibited from possessing a gun. *See* A.R.S. § 13-3101(A)(7)(b) (defining prohibited possessor to include a felony offender who has not restored his right to carry firearms). Ortiz admitted to keeping "the gun on his person" even though he was a prohibited possessor. He denied any involvement in the shooting. A forensic examiner analyzed the shell casing and concluded that it came from the same gun Ortiz possessed on the day of his arrest.

¶6        The State charged Ortiz with one count of attempted second-degree murder (a class 2 felony), one count of aggravated assault (a class 3 felony), two counts of attempted armed robbery (class 3 felonies), two counts of kidnapping (class 2 felonies), one count of first-degree burglary, (a class 2 felony), and one count of misconduct involving weapons (a class 4 felony).[2] The superior court granted Ortiz's unopposed motion to sever the misconduct involving weapons offense.

¶7        Before trial, Ortiz moved to suppress evidence based on an alleged search and seizure violation, arguing that officers did not have a lawful basis to place him under arrest and that all evidence seized incident to that arrest must be suppressed. The superior court conducted a suppression hearing and denied the motion, finding the officers had probable cause to justify Ortiz's arrest. Ortiz also moved to preclude, as irrelevant and unduly prejudicial, any mention of his previous incarceration, criminal history, and drug involvement with the victim. The court granted the motions in part, allowing the State to admit evidence related to Ortiz's criminal and incarceration history solely to prove the misconduct involving weapons offense. But the court ordered the State to redact any reference to the class and nature of Ortiz's prior felony convictions. And the court precluded evidence that Ortiz used a gun in a previous, unrelated incident.

---

[2]        The State originally charged Ortiz with one count of possession of dangerous drugs (a class 4 felony) as well, but the superior court granted the State's pretrial motion to dismiss that count.

**¶8**         The State presented evidence and testimony in two separate trials. In each, the superior court denied Ortiz's motion for judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20(a)(1). Ortiz elected not to testify in either trial. In the first, the jury convicted him of misconduct involving weapons. *See* A.R.S. § 13-3102(A)(4). At the end of the second, two jurors were unable to proceed with deliberations. The court brought in alternate jurors and provided a jury reconstitution instruction. The reconstituted jury convicted Ortiz of first-degree burglary, a dangerous offense, and found three aggravating factors. *See* A.R.S. §§ 13-105(13) (dangerous offense includes use of a deadly weapon), -1508(A)–(B) (first-degree residential burglary). The jury could not reach a unanimous verdict on the remaining offenses, and the court granted the State's motion to dismiss the "hung" counts.

**¶9**         The superior court conducted a sentencing hearing in compliance with Ortiz's constitutional rights and Rule 26. The State proved Ortiz had seven prior felony convictions, and the court sentenced him as a category three repetitive offender to consecutive, presumptive terms of 10 years' imprisonment for misconduct involving weapons and 15.75 years' imprisonment for first-degree burglary. *See* A.R.S. § 13-703(C), (J). The court awarded 1,585 days of presentence incarceration credit as to the sentence for misconduct involving weapons only and imposed standard fees and assessments.

**¶10**         Ortiz timely appealed. We have jurisdiction under A.R.S. § 13-4033(A)(1).

## DISCUSSION

**¶11**         We briefly suspended this appeal for the superior court to state its reasons for imposing consecutive sentences as required by A.R.S. § 13-711(A). *See State v. Perez-Gutierrez*, ___ Ariz. ___, ___, ¶ 3, 548 P.3d 1102, 1104 (2024). Ortiz elected not to file an amended appeal after the court explained the reasons for consecutive sentences, so we review the record for reversible error. *See State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). We find none.

**¶12**         Ortiz was present and represented by counsel at all critical stages of the proceedings against him. The record reflects that the superior court afforded Ortiz all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and in each trial, the superior court properly instructed the jury on the

elements of the charged offenses, the State's burden of proof, the presumption of innocence, and other applicable laws. The evidence presented at the trials was sufficient to support the jury's verdicts, and Ortiz's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

**¶13**        Ortiz's convictions and sentences are affirmed. After the filing of this decision, Ortiz's counsel shall inform him of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, he finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Ortiz has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV