NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL DAVID PEREZ-GUTIERREZ, *Appellant.*

No. 1 CA-CR 22-0268
FILED 09-24-2024

Appeal from the Superior Court in Maricopa County
No. CR2020-135003-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Judge Michael J. Brown and Judge Michael S. Catlett joined.

**M c M U R D I E**, Judge:

**¶1**　　　　Manuel David Perez-Gutierrez appeals his convictions for
eight counts of sexual conduct with a minor and the resulting sentences.
Perez-Gutierrez's counsel filed a brief per *Anders v. California*, 386 U.S. 738
(1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent
search of the record, he found no arguable, non-frivolous question of law.
Perez-Gutierrez was allowed to file a supplemental brief but did not do so.
Counsel asks this court to search the record for arguable issues. *See Penson
v. Ohio*, 488 U.S. 75, 81 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App.
1999). After reviewing the record, we find none and affirm
Perez-Gutierrez's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Perez-Gutierrez was married to Amelia's older sister.[1] Since
Amelia was in the fifth grade, Perez-Gutierrez, Amelia's sister, and Amelia
resided in the same household. In September 2020, Amelia told her sister
that Perez-Gutierrez had been sexually abusing her for several years.
Amelia's sister immediately called the police, and officers began a criminal
investigation.

**¶3**　　　　Detective Jose Jarvis read Perez-Gutierrez his Miranda rights
and interviewed him. During the interview, Perez-Gutierrez admitted
having repeated sexual contact with Amelia when she was 16 years old.

**¶4**　　　　The State charged Perez-Gutierrez with eight counts of sexual
conduct with a minor. *See* A.R.S. § 13-1405. The first two counts arose from
instances of sexual contact when Amelia was under 15. Counts three
through eight arose from instances of sexual contact when Amelia was over
15.

---

[1]　　　We use pseudonyms to protect the victim's identity.

¶5        During a September 2021 settlement conference, the State offered Perez-Gutierrez a plea agreement for 13 to 17 years in prison, followed by lifetime probation, which he rejected. The State presented the same offer to Perez-Gutierrez about three months later.

¶6        At the trial, Amelia testified that her first sexual contact with Perez-Gutierrez occurred when she was in the fifth grade, and the first instance of sexual intercourse took place later that year. She also testified to six distinct instances of sexual contact with Perez-Gutierrez that occurred when she was over 15. The jurors found Perez-Gutierrez guilty of all eight counts of sexual conduct with a minor.

¶7        Before sentencing, the adult probation department submitted a presentence report recommending consecutive sentences. *State v. Perez-Gutierrez*, 255 Ariz. 232, 233, ¶ 3 (App. 2023). The report also conveyed the State's preference for consecutive sentences and a statement from Amelia's sister asking for "the maximum time possible." *Id.* At the sentencing hearing, the superior court acknowledged that it reviewed the contents of the presentence report, "as well as all the information heard during the trial held in this matter." *Id.* at 234, ¶ 4.

¶8        On count one, the court sentenced Perez-Gutierrez to the presumptive term of 20 years' imprisonment with credit for 612 days for time served. The court also sentenced Perez-Gutierrez to the presumptive 20 years' imprisonment for count two. On counts three through eight, Perez-Gutierrez received presumptive one-year sentences for each count, totaling six years of imprisonment. The superior court ordered that all sentences be served consecutively, leading to a cumulative 46-year prison term.

¶9        Perez-Gutierrez appealed, arguing the superior court violated A.R.S. § 13-711(A) because it did not state its reason for imposing consecutive sentences on the record. *Perez-Gutierrez*, 255 Ariz. at 234, ¶ 6. A majority of this court agreed, finding that although the superior court considered the presentence report, its failure to articulate reasons for the consecutive sentences violated A.R.S. § 13-711(A). *Id.* at 235, ¶ 14. We remanded with instructions for the superior court to state its reasons for the sentencing determination on the record. *Id.* at 235, 238, ¶¶ 15, 27.

¶10      Our supreme court granted review to resolve this court's disagreement on whether a violation of A.R.S. § 13-711(A) required a remand for findings or to be analyzed under fundamental error. *State v. Perez-Gutierrez*, ___ Ariz. ___, ___, 548 P.3d 1102, 1105, ¶¶ 6-8 (2024). The

court determined that substantial compliance with A.R.S. § 13-711(A) required the superior court to "(1) articulate the relevant factors it considered, and (2) explain how those factors led to the court's sentencing determination." *Id.* at 1106, ¶ 16. The court vacated our holding and revested jurisdiction in the superior court only to state its sentencing reasons on the record. *Id.* at 1109, ¶ 33.

¶11 On remand, the superior court's revised minute entry provided six findings supporting its decision to impose consecutive sentences: (1) "counts 1 and 2 require mandatory consecutive sentences"; (2) "each count referenced a separate act perpetrated on the victim"; (3) "the abuse [occurred] over a number of years and started when the victim was barely 10 years old lasting until she was 17"; (4) "the impact on the victim was profound and will last a lifetime"; (5) the State's recommendation; and (6) information in the presentence report's "Discussion and Evaluation" section.

## DISCUSSION

¶12 We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶13 Perez-Gutierrez was present and represented by counsel at all stages of the proceedings against him. *See State v. Jackson*, 16 Ariz. App. 476, 477-78 (1972). The record reflects the superior court afforded Perez-Gutierrez all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the convictions and the superior court's sentencing decision. Perez-Gutierrez's sentences fall within the range and manner prescribed by law. A.R.S. § 13-705(P); A.R.S. § 13-1405(B). And the superior court gave Perez-Gutierrez appropriate presentence incarceration credit.

¶14 Except as otherwise provided by law, Arizona courts have the discretion to determine whether multiple sentences of imprisonment imposed simultaneously will run consecutively or concurrently. A.R.S. § 13-711(A); *State v. Girdler*, 138 Ariz. 482, 489 (1983) ("As long as convictions are for distinct and separate crimes, consecutive sentences are proper if [the] trial judge sets out his reasons for consecutive sentences."). Neither a statutory nor constitutional right supports receiving concurrent sentences for separate offenses. *State v. Henley*, 141 Ariz. 465, 468 (1984).

¶15 Arizona law required the superior court to impose consecutive sentences for counts one and two because the victim was under 15. A.R.S. § 13-705(E), (P), (T); A.R.S. § 13-1405. Thus, we only examine the consecutive sentences imposed for counts three through eight for compliance with the A.R.S. § 13-711(A)'s reason-on-record requirement.

¶16 The record reflects that counts three through eight stem from separate instances of sexual contact between Perez-Gutierrez and Amelia when she was between 15 and 17 years old. The record also supports the court's consideration of the seven years over which the offenses occurred and the effect on the victim, as these factors were relevant to the case. Thus, following *Girdler* and *Perez-Gutierrez*, the superior court properly exercised its discretion by imposing consecutive sentences for these separate offenses. *See* 138 Ariz. at 489; *see also* 548 P.3d at 1106, ¶ 16 (The court must articulate the relevant factors it considered and how they led to its determination.).

¶17 The superior court's revised minute entry articulates the basis for the consecutive sentences and thus satisfies the reason-on-record requirement of A.R.S. § 13-711(A).

## CONCLUSION

¶18 We affirm Perez-Gutierrez's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Perez-Gutierrez's representation in this appeal will end after informing him of the outcome of this appeal and his future options unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

