NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL ZAZUETA GARCIA, *Appellant.*

No. 1 CA- CR 22-0377
FILED 01-16-2025

---

Appeal from the Superior Court in Maricopa County
No. CR2019-006505-001
The Honorable Jo Lynn Gentry, Judge (Retired)

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Damon A. Rossi
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Judge Daniel J. Kiley and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1**  In 2023, Manuel Zazueta Garcia appealed his convictions and sentences to this Court. This Court affirmed his convictions and sentences. *State v. Garcia*, 256 Ariz. 488, 494 ¶ 29 (App. 2023). Zazueta then petitioned the Arizona Supreme Court for review. The Arizona Supreme Court granted Zazueta's petition for review as to a sentencing issue only, vacated the relevant portion of this Court's opinion, and remanded the matter to the trial court. Pursuant to that order, the trial court filed a minute entry supplementing its sentencing order.

**¶2**  Now, counsel for Zazueta has advised this Court that he searched the record and found no arguable issues regarding the sentencing issue and asks us to search the record for fundamental error. *See Anders v. California*, 386 U.S. 738 (1967); *State v. Leon*, 104 Ariz. 297 (1969). Zazueta was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm his sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**  The facts of this case are set forth in this Court's previous opinion. *Garcia*, 256 Ariz. 488. As relevant here, a jury convicted Zazueta of eight counts of sexual conduct with a minor, class two felonies and dangerous crimes against children; one count of aggravated assault, a class six felony; and one count of furnishing harmful items to minors, a class four felony.

**¶4**  At sentencing, the trial court imposed mandatory, consecutive terms of life imprisonment with the possibility of release after 35 years for the eight counts of sexual conduct with a minor. For count six, the aggravated assault, and count ten, the furnishing of harmful items to minors, which both carried discretionary sentences, the court imposed presumptive consecutive sentences totaling three and a half years' imprisonment. The court did not explain its reason for imposing consecutive sentences but awarded 769 days of presentence incarceration

credit toward each of Zazueta's consecutive sentences. Zazueta timely appealed, arguing (1) the evidence was insufficient to support two of his convictions, (2) the trial court abused its discretion by allowing the state to play portions of the victim's forensic interview, and (3) the trial court failed to explain why it imposed consecutive sentences in violation of A.R.S. § 13 -711(A). This Court affirmed Zazueta's convictions and sentences. *Garcia*, 256 Ariz. at 494 ¶ 29.

¶5 Zazueta then petitioned the Arizona Supreme Court for review. That Court granted Zazueta's petition for review as to the sentencing issue only, vacated the relevant portion of this Court's opinion, and remanded the matter to the trial court "to state the reasons for consecutive sentences on the record pursuant to *State v. Perez-Gutierrez*, 548 P.3d 1102 (Ariz. 2024)." *State v. Garcia*, CR 24-0026 PR, 2024 WL 3963541, at *1 (Ariz. Aug. 20, 2024). Pursuant to that order, the trial court filed a minute entry supplementing the sentencing order and clarifying its reasoning for implementing consecutive sentences. The court reasoned,

> [t]he defendant came before the Court for sentencing on ten felony convictions following a trial by jury. The offenses involve the defendant taking advantage of his vulnerable eight-year-old daughter by manipulating her and engaging in inappropriate sexual conduct with her on multiple occasions for his own selfish sexual gratification. As the victim's father, the defendant was aware of the victim's age, yet he demonstrated no regard for her or the impact his abhorrent actions would have on the child or the family. The defendant violated his role as a trusted parent and caused a potential lifetime of emotional harm to the young victim as well as to her family. This was not an isolated incident; the abuse was ongoing and occurred on multiple occasions. Considering the serious nature of the defendant's actions as well as the impact to the young victim, all terms in the Arizona Department of Corrections are to be served consecutive to the other counts as indicated in the Sentencing Order dated August 29, 2022.

## DISCUSSION

¶6 Counsel for Zazueta has advised this Court that after a diligent search of the record, he has found no arguable question of law on the issue of consecutive sentences. *See Anders*, 386 U.S. 738; *Leon*, 104 Ariz. 297. We thus review the trial court's imposition of consecutive sentences for

fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011) (citation omitted).

**¶7**        "[I]f multiple sentences of imprisonment are imposed on a person at the same time, the sentences imposed by the court may run consecutively or concurrently, as determined by the court. The court shall state on the record the reason for its determination." A.R.S. § 13-711(A). "Failure to substantially comply with this requirement is error." *State v. Perez-Gutierrez*, 257 Ariz. 307, 311 ¶ 16 (2024). "[S]ubstantial compliance requires the trial court to sufficiently (1) articulate the relevant factors it considered, and (2) explain how those factors led to the court's sentencing determination." *Id.*

**¶8**        In its supplemental minute entry, the trial court noted that "[t]his was not an isolated incident; the abuse was ongoing and occurred on multiple occasions." Further, it highlighted that "the serious nature of the defendant's actions as well as the impact to the young victim" led it to impose consecutive sentences. The record supports the court's reasoning. This is an adequate statement of the relevant factors and their effect on the court's sentencing determination.

**¶9**        We have reviewed the record for reversible error on the issue of consecutive sentences, *see Leon*, 104 Ariz. at 300, and find none. We decline to order briefing and affirm Zazueta's convictions and sentences. Upon the filing of this decision, defense counsel shall inform Zazueta of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Zazueta shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

**¶10**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:        JR